UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN VASQUEZ BERDUO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-01336-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On April 6, 2026, petitioner Franklin Vasquez Berduo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States through a formal port of entry on or about February 18, 2018, and was recently detained by immigration authorities.  (*Id.* at 4–5.)  Petitioner seeks immediate release and an award of reasonable attorney's fees and costs.  (*Id.* at 9.)  Also on April 6, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 2.)  On April 7, 2026, the court directed respondent to specify whether petitioner has previously been detained by immigration authorities and substantively address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's decision in *Perez v. Albarran*, No. 1:25-cv-01540-

1

DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025). (Doc. No. 6.) On April 7, 2026, respondent filed an opposition to the pending motion for temporary restraining order. (Doc. No. 8.) Therein, respondent states that petitioner was previously detained at the border in February 2018 and released sometime that same month, and this case is not distinguishable from the case identified by the court in its April 7, 2026 order. (*Id.* at 1–2.) Respondent requests that if the court is inclined to grant the motion for temporary restraining order, the court should proceed to rule on the merits of the habeas petition based on the present briefing. (*Id.* at 1.)

Accordingly, pursuant to the court's reasoning as stated in *Perez* and adopted herein, the court will grant in part the petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part;

   a. Respondent is ORDERED to immediately release petitioner Franklin Vasquez Berduo, A-File No. 209-807-063, from respondent's custody on the same conditions he was subject to immediately prior to his recent re-detention;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

   c. Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting the requested habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

/////

/////

4.     The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE